## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**BRITTNEY THOMAS**                                                          **PLAINTIFF**

**v.**                                              **No. 4:23-cv-312-DPM**

**LEXISNEXIS RISK SOLUTIONS INC.**
**and LEXISNEXIS RISK DATA**
**MANAGEMENT, INC.**                                            **DEFENDANTS**

### ORDER

**1.** Brittney Thomas filed for bankruptcy in November 2021. She received a discharge in March 2022. The case docket, *In re Brittney Deneese Thomas*, Case No. 4:21-bk-13053 (Bankr. E.D. Ark.),* was available on PACER—the Public Access to Court Electronic Records system. This case involves two companies' use of her public data. The first is LexisNexis Risk Data Management, LLC.** Call it "LexisNexis A." The second is LexisNexis Risk Solutions, Inc. Call it "LexisNexis B." At issue is whether either company violated the Fair Credit Reporting Act in handling Thomas's data. Here are the material

---

*As requested, the Court takes judicial notice of Thomas's bankruptcy proceedings. Fed. R. Evid. 201; *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

**LexisNexis Risk Data Management, LLC operated under the name LexisNexis Risk Data Management Inc. until early 2023. *Doc. 22-1 at 3.*

facts, taken in the light most favorable to Thomas in the few instances where some dispute exists. *Oglesby v. Lesan*, 929 F.3d 526, 531-32 (8th Cir. 2019).

LexisNexis A collects public records and sends them to businesses in the data industry. It used PACER to collect Thomas's records on two occasions: when she filed for bankruptcy and when she received her discharge. It then sent those records to various consumer reporting agencies, including LexisNexis B. The parties agree that LexisNexis B is a consumer reporting agency covered by the Act. They also agree that this company maintained a consumer file on Thomas.

In May 2022, Thomas asked LexisNexis B for a copy of her consumer file. The company sent it. The file included information about her recent bankruptcy. Thomas disputed her bankruptcy data in a June 2022 letter: "I request your company to provide verifiable documentary proof of how you legally obtained, verified then furnished this bankruptcy account, under the FCRA." *Doc. 22-2 at 78.*

After getting her letter, LexisNexis B had thirty days to verify Thomas's bankruptcy data. 15 U.S.C. § 1681i(a)(1)(A). LexisNexis B began investigating a few days later. It consulted the records' source — LexisNexis A. LexisNexis A promptly confirmed Thomas's March 2022 discharge. But LexisNexis B couldn't verify Thomas's bankruptcy data within the thirty-day window. In July 2022, the company informed Thomas that her dispute had been resolved due to "case age."

-2-

*Doc. 22-2 at 4; see also* 15 U.S.C. § 1681i(a)(5)(A).  LexisNexis B also removed the disputed data from Thomas's consumer file and sent her an updated file.  The updated file omitted her bankruptcy data.

Thomas's credit took a hit anyway.  She says her damaged credit caused her financial, reputational, and emotional harm.  She has sued LexisNexis A and LexisNexis B for various violations of the Fair Credit Reporting Act.  15 U.S.C. §§ 1681n & 1681*o*.  Both companies move for summary judgment.

**2.**  Some preliminaries.

First, the Court declines the companies' request to deem their Local Rule 56.1 statement of facts admitted.  Thomas attached exhibits to her responses and cited them.  To be sure, her responses are not models of clarity.  And she filed no separate statement, which is contrary to the Local Rule.  But Thomas is *pro se*; and her papers show a good-faith effort to abide by the applicable rules.  The Court finds no substantial failure on her part. *See Doc. 27 at 4* (Final Scheduling Order).

Second, the Court need not determine whether LexisNexis A is a consumer reporting agency or whether LexisNexis B furnished information to other such agencies.  It's also immaterial whether LexisNexis A furnished a "consumer report," as defined by 15 U.S.C. § 1681a(d)(1).  That's because, assuming both companies could be liable, neither is.

**3.** Thomas alleges four FCRA violations. The first three—violations of 15 U.S.C. §§ 1681e(b), 1681i & 1681s-2(b)—fail at the threshold. Neither company reported any inaccurate information about her bankruptcy.

Sections 1681e(b) and 1681i apply to consumer reporting agencies. The former requires the agency to "follow reasonable procedures to assure maximum possible accuracy of the information" in its consumer report. § 1681e(b). The latter requires the agency to conduct a "reasonable reinvestigation" when a consumer disputes information in her consumer file. § 1681i(a)(1)(A). "Accurate reporting is a complete defense to both a 1681e(b) claim and a 1681i claim." *Fahey v. Experian Information Solutions, Inc.*, 571 F. Supp. 2d 1082 (E.D. Mo. 2008); *see also Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1108 (8th Cir. 2006).

Section 1681s-2(b) applies to persons who furnish information to consumer reporting agencies. It requires a furnisher to investigate the accuracy of its reporting when an agency gives notice that a consumer is disputing the information. *Anderson v. EMC Mortgage Corp.*, 631 F.3d 905, 907 (8th Cir. 2011). Accurate reporting is a defense to this claim, too. *Edeh v. Midland Credit Management, Inc.*, 748 F. Supp. 2d 1030, 1039 (D. Minn. 2010), *aff'd*, 413 F. App'x 925 (8th Cir. 2011); *see also Chiang v. Verizon New England Inc.*, 595 F.3d 26, 29-30 (1st Cir. 2010).

Thomas doesn't dispute the accuracy of her bankruptcy data. "The Basis of the Plaintiff's complaint has never been a question of

accuracy . . .."  *Doc. 29-1 at 13.*  Rightly so—it's all true.  *E.g.,* Case No. 4:21-bk-13053 (Bankr. E.D. Ark.).   Rather, Thomas argues that the companies should have verified her data before they reported it. She points to her case-age victory over LexisNexis B as evidence that her bankruptcy data was "unverifiable."  *Doc. 25 at 8.*  She offers no other proof of false or misleading information.***

Thomas's argument lacks merit.  First, the Fair Credit Reporting Act only "requires reasonable—not perfect—procedures."  *Rydholm v. Equifax Information Services LLC,* 44 F.4th 1105, 1109 (8th Cir. 2022). And it was reasonable for the companies to rely on the bankruptcy court's docket. *Ibid.; see also Doc. 46 at 11* in *Biddle v. Trans Union LLC,* Case No. 4:16-cv-503-SWW (E.D. Ark. 3 April 2018).  Second, even if Thomas's data had been inaccurate, that's not enough to establish liability.  "There must be a showing that the inaccuracy resulted from the agency's failure to follow reasonable procedures to assure maximum possible accuracy."  *Hauser v. Equifax, Inc.,* 602 F.2d 811, 814-15 (8th Cir. 1979) (quotations omitted).  Here, the companies' procedures were reasonable, and Thomas's bankruptcy data was

---

***Thomas says for the first time in her response that "the report the Plaintiff was provided" contained incorrect names and a homeowner's insurance claim that she didn't file.  *Doc. 25 at 9.*  It's unclear which report she's referencing;  and she didn't dispute this information in her June 2022 letter.  *Doc. 22-2 at 77-78.*  Either way, she has offered no evidence that this information is false.

accurate. No reasonable juror could look at these undisputed facts and find a willful or negligent violation of §§ 1681e(b), 1681i, or 1681s-2(b). 15 U.S.C. §§ 1681n & 1681*o*.

**3.** Thomas's remaining claims arise under § 1681b. This section sets boundaries on when consumer reporting agencies may furnish consumer reports. She says both companies ran afoul of § 1681b because they furnished her bankruptcy data without her consent. These claims fail for lack of Article III standing.

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Assume the § 1681b violations. Has Thomas suffered a concrete harm? No. Unlike on her other claims, here she only alleges privacy harms. *Doc. 10 at 2.* But her bankruptcy records were public information. She had no privacy interest for either company to injure. *Schumacher v. SC Data Center, Inc.*, 33 F.4th 504, 513-14 (8th Cir. 2022). "Thus, even assuming that there were technical violations of the statute, [Thomas] has not established that she suffered a concrete injury to her privacy interests." *Auer v. Trans Union, LLC*, 902 F.3d 873, 878 (8th Cir. 2018). This Court therefore lacks the authority — subject matter jurisdiction — to decide these claims.

*       *       *

The companies' motion for summary judgment, *Doc. 21*, is granted. Thomas's § 1681b claims will be dismissed without

prejudice for lack of standing. *Auer*, 902 F.3d at 880. Her remaining claims will be dismissed with prejudice. Thomas's motion to strike, *Doc. 34*, is denied as moot.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

29 May 2024